**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**RUBEN RODRIQUEZ,**

       **Petitioner,**

v.                                            **Civil Action No. 5:19cv299
(Judge Bailey)**

**R. HUDGINS, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On October 23, 2019, Petitioner, Ruben Rodriquez, an inmate incarcerated at FCI Gilmer in Glenville Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the continued legality of Petitioner's sentence imposed by the United States District Court for the Eastern District of Pennsylvania. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

    **A. Conviction and Sentence**

---

[1] The facts are taken from Petitioner's Criminal Case No. 2:09-cr-695-PBT in the United States District Court for the Eastern District of Pennsylvania available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 28, 2009, a grand jury sitting in the Eastern District of Pennsylvania returned a one-count Indictment charging Petitioner with attempted possession with intent to deliver 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(10)(b)(1)(B) and 841. ECF No. 1. On May 5, 2010, Petitioner entered a guilty plea to that charge. ECF No. 25. Sentencing was deferred until February 23, 2011.

In his presentence report, the Probation Officer determined that Petitioner's base offense level was 28 based on the quantity of cocaine involved in the offense of conviction. In addition, the Probation Officer determined that Petitioner was a career offender which raised his offense level to 37. Petitioner received a three-level reduction in his offense based on his acceptance of responsibility. Petitioner's criminal history category as a career offender was VI, which was the same as his criminal history category based on his 20 criminal history points in the absence of the career offender status. Accordingly, Petitioner's advisory guideline range for imprisonment was 262 to 327 months. ECF No. 44 at p. 4.

During the sentencing hearing held on February 23, 2011, Petitioner requested the sentencing court to exercise its discretion and grant him a variance and/or downward departure from the Career Offender enhancement pursuant to U.S.S.G. § 4A1.3(b) because the crimes which caused him to be a career offender involved the sale of small amounts of drugs, occurred may years prior to the instant offense and did not accurately reflect his character. Petitioner also requested a downward departure for a minor role in the crime pursuant to U.S.S.G. § 3B1.2. See Doc. 3110712938, Case 11-1551 (3d Cir.).

Following the hearing, the sentencing court denied the request and imposed a sentence of imprisonment of 262 months to be followed by eight years of supervised release. ECF No. 36. The Court also imposed a fine of $1000 and a special assessment of $100.

Petitioner appealed. On appeal the district court's judgment was affirmed. ECF N. 41.

**B. Motions to Vacate**

On July 1, 2013, Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 42. Petitioner argued two points as a basis for his motion:

1. "Ineffective Assistance of counsel. Counsel failed to analyze PSR," Id. at p.5 and

2. "Movants Sentence was enhanced when the elements of the [enhancement were not submitted to the jury. Movant's enhancements [were] not charged in the Indictment." Id. at p. 6.

On September 23, 2013, the motion was denied. ECF No. 46. On November 12, 2013, Petitioner filed an Amended Motion to Vacate.[2] ECF No. 47. On November 23, 2013, Petitioner filed a Notice of Appeal. ECF No. 48. On December 16, 2013, the Third Circuit remanded the case to the district court for the sole purpose of either issuing a Certificate of Appealability or stating the reasons why a Certificate of Appealability should not issue. ECF No. 50. On December 18, 2018, the district court ordered that no Certificate of Appealability would issue. ECF No. 51. In addition, the court ordered that

---

[2] In his Amended Motion, Petitioner amended his previous claims of ineffective assistance for "counsel's failure to analyze PSR." Petitioner noted that this claim "encompasses counsel's utter failure to investigate, research and know the law as it relates to defendant's sentence exposure."

3

Petitioner's Amended Motion to Vacate be dismissed with prejudice and no Certificate of Appealability would issue. Id. On April 24, 2014, the Third Circuit declined to issue a Certificate of Appealability. ECF No. 53.

### C. Instant § 2241 Petition

Petitioner alleges that he was enhanced as a career offender in violation of his Fifth Amendment rights. In support of this allegation Petitioner alleges that none of his underlying convictions resulted in a sentence of more than one year, and therefore, do not qualify as predicate felonies for purposes of his enhanced sentence. In making this argument, Petitioner relies on United States v. Simmons, 549 F.3d 327 (4th Cir. 2011.)[3]

### III. Legal Standard

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 Rules Governing Section 2254 Cases in the U.S. District Courts; see

---

[3] In Simmons, the Fourth Circuit addressed a prior statutory sentencing scheme for North Carolina convictions and held that courts "must examine the sentence the defendant could have actually received when determining whether a state conviction can serve as a predicate felony for Federal sentencing enhancement." See Everett v. Ormond, 3:18-CV-475, 2019 WL 430-7871. In doing so, the Court found that "if a particular defendant could not have received a sentence in excess of 12 months for his [state] conviction, the government cannot use it as a predicate for Federal sentencing enhancement purposes." Simmons, 649 F.3d at 239-240, 249. Accordingly, predicate "felony drug offense" convictions that result in an "offense that is punishable by imprisonment for more than one year," even if the defendant received a sentence below one year, continue to qualify as predicate conviction. Latson v. O'Brien, 3:13-CV-28, 2013 WL 440-0110 (N.D.W. Va. Aug. 15, 2013); 21 U.S.C. §§ 802(44), 851.

4

also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed. App'x. 268 (4th Cir. 2014).

### IV. Analysis

Although Petitioner alleges that he has satisfied the Wheeler savings clause, he is mistaken. Petitioner has failed to satisfy the second prong of Wheeler, because he has failed to identify a retroactive Third Circuit decision that would substantively change the law applicable to his sentence.

Petitioner was convicted in the Eastern District of Pennsylvania, which lies within the jurisdiction of the Seventh Circuit. The only case upon which Petitioner relies is United States v. Simmons which is a Fourth Circuit decision which is not binding upon

7

courts within other circuits. See Williams v. Ziegler, 5:12-CV-0398, 2014 WL 201713, *4, (S.D.W. Va. Dec. 30, 2013).

In Hahn v. Moseley, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. July 24, 2019), citing In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

The United States District Court for the Western District of Virginia recently addressed a similar situation in which a petitioner sentenced in the Iowa District Court attempted to rely on Simmons to satisfy the Wheeler test. In dismissing the 2241 petition for lack of jurisdiction, the Court found as follows:

> In evaluating the substantive law in a 2255(e) savings clause analysis, the Court must "look to the substantive law of the circuit where the defendant was convicted." The Iowa District Court where Ledezma-Rodriguez was convicted is within the Eighth Circuit. 28 U.S.C. 2241. Accordingly, while the Court must apply the procedural standard in Wheeler, it must do so using Eighth Circuit substantive law. Id.
>
> Ledezma-Rodriguez relies exclusively on Simmons as substantive law to support his argument. However, Simmons is a Fourth Circuit decision that is not binding upon courts within other circuits. Ledezma-Rodriguez has failed to identify any retroactive Eighth Circuit case that would substantively change the law applicable to his conviction. Therefore, I conclude that Ledezma-Rodriguez is unable to satisfy the second prong of Wheeler.

Ledezma-Rodriguez v. Brecken, 2019 WL 4644556 (internal citations omitted).

Because Petitioner was convicted within the Third Circuit, and he is attempting to rely on the Fourth Circuit opinion in Simmons, the instant § 2241 petition must be dismissed for failure to satisfy the second prong of the Wheeler test.

Furthermore, even if Simmons were applicable to Petitioner's conviction within the Third Circuit, Petitioner cannot satisfy the fourth prong of the Wheeler test, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings

---

[4] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED without prejudice.**

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: February 11, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE