**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**RUBEN RODRIGUEZ,**

Petitioner,

v.                                                                 **CIVIL ACTION NO. 5:19-CV-299**
                                                                   **(BAILEY)**

**R. HUDGINS**, Warden,

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 11, 2020, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections on March 12, 2020 [Doc. 17]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Petitioner does not object to Magistrate Judge Mazzone's recitation of the factual and procedural background. In sum, petitioner is challenging his sentence imposed in the Eastern District of Pennsylvania by alleging that he was "enhanced as a career offender in violation of his Fifth Amendment rights" [Doc. 1 at 5]. In support, petitioner relies on ***United States v. Simmons***, 549 F.3d 327 (4th Cir. 2011), to allege that none of his underlying convictions resulted in a sentence of more than one year imprisonment, and thus none of them qualify as predicate offenses for the purposes of the career offender designation. For relief, petitioner requests that this Court "vacate his career offender sentence and remand for re-sentencing w[ith]out the career [offender] enhancement" [Doc. 1 at 8].

Magistrate Judge Mazzone concluded that "[b]ecause Petitioner cannot satisfy the savings clause of § 2255(e) under ***Wheeler*** [886 F.3d 415 (4th Cir. 2018)], his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition" [Doc. 6 at 10]. In reaching this conclusion, Magistrate Judge Mazzone found the following:

> Although Petitioner alleges that he has satisfied the ***Wheeler*** savings clause, he is mistaken. Petitioner has failed to satisfy the second prong of ***Wheeler***, because he has failed to identify a retroactive Third Circuit decision that would substantively change the law applicable to his sentence.
>
> Petitioner was convicted in the Eastern District of Pennsylvania, which lies within the jurisdiction of the [Third] Circuit. The only case upon which Petitioner

2

relies is *United States v. Simmons* which is a Fourth Circuit decision which is not binding upon courts within other circuits. *See Williams v. Ziegler*, 5:12-CV-0398, 2014 WL 201713, \*4, (S.D.W. Va. Dec. 30, 2013).

In *Hahn v. Moseley*, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. July 24, 2019), citing *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998); *Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

The United States District Court for the Western District of Virginia recently addressed a similar situation in which a petitioner sentenced in the Iowa District Court attempted to rely on *Simmons* to satisfy the *Wheeler* test. In dismissing the 2241 petition for lack of jurisdiction, the Court found as follows:

> In evaluating the substantive law in a 2255(e) savings clause analysis, the Court must "look to the substantive law of the circuit where the defendant was convicted." The Iowa District Court where Ledezma-Rodriguez was convicted is within the Eighth Circuit. 28 U.S.C. 2241. Accordingly, while the Court must apply the procedural standard in *Wheeler*, it must do so using Eighth Circuit substantive law. *Id.*

> Ledezma-Rodriguez relies exclusively on *Simmons* as substantive law to support his argument. However, *Simmons* is a Fourth Circuit decision that is not binding upon courts within other circuits. Ledezma-Rodriguez has failed to identify any retroactive Eighth Circuit case that would substantively change the law applicable to his conviction. Therefore, I conclude that Ledezma-Rodriguez is unable to satisfy the second prong of *Wheeler*.

*Ledezma-Rodriguez v. Brecken*, 2019 WL 4644556 (internal citations omitted).

Because Petitioner was convicted within the Third Circuit, and he is attempting to rely on the Fourth Circuit opinion in *Simmons*, the instant § 2241 petition must be dismissed for failure to satisfy the second prong of the *Wheeler* test.

Furthermore, even if *Simmons* were applicable to Petitioner's conviction within the Third Circuit, Petitioner cannot satisfy the fourth prong of the *Wheeler* test, which requires a showing that due to a retroactive change in the law, his

sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the sentencing Guidelines were mandatory. *Id.* at 714. However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id.* at 715 ("*Foote* undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-*Booker*, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* When a petitioner is sentenced under the post-*Booker*, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* In conclusion, the *Lester* Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

[Doc. 12 at 7–10].

Petitioner's first objection[1] is with Magistrate Judge Mazzone's determination that

petitioner cannot satisfy the second prong of *Wheeler*, because he has failed to identify a

---

[1] Technically, petitioner's first numbered objection is to the spelling of his name. Petitioner notes that the spelling of his last name is "Rodriguez" not "Rodriquez" as it appears throughout the R&R. This Court agrees that this typographical error appears in the R&R, but notes that it is insignificant with regard to the R&R's substantive findings.

4

retroactive Third Circuit decision that would substantively change the law applicable to his sentence. Petitioner argues that "[n]owhere within this prong does it state that the petitioner 'must show said retroactive change within the circuit of sentencing.'" [Doc. 17 at 2].

While it may be true that the second *Wheeler* prong itself does not state that the retroactive change must be within the circuit of sentencing, the Fourth Circuit has since made such clear. As Magistrate Judge Mazzone correctly points out, "[i]n *Hahn v. Moseley*, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must 'look to the substantive law of the circuit where the defendant was convicted.'" [Doc. 12 at 8] (citing *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). While petitioner may not agree with the Fourth Circuit, this Court is nonetheless bound by its precedent. Accordingly, petitioner's first objection is **OVERRULED**.

Petitioner's second and final objection is with Magistrate Judge Mazzone's determination that even if petitioner could satisfy the second *Wheeler* prong that petitioner would nonetheless fail to satisfy the fourth *Wheeler* prong because petitioner was sentenced under the post-*Booker*, advisory Guidelines, and thus any misclassification as a career offender would not present an error sufficiently grave to be deemed a fundamental defect, in accordance with the Fourth Circuit's decisions in *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018), and *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). Once again, petitioner simply disagrees with this determination. Petitioner argues that he was sentenced to 147 months more than what the high-end of his Guideline range would have been without the career offender designation, and that the "Supreme Court has already deemed that such a significant difference within the sentence variance can and shall be deemed a 'grave and

5

fundamental defect.'" [Doc. 17 at 3]. However, this is again a point of law that the Fourth Circuit has made clear, and petitioner does not provide a citation to any Supreme Court case that stands for his assertion or overrides the Fourth Circuit's precedent. *See Lester*, 909 F.3d at 715 ("*Foote undoubtedly* would bar [petitioner's § 2241] petition *had he been sentenced under the advisory Guidelines*.") (emphasis added). Thus, this Court once more notes that though petitioner may disagree with the Fourth Circuit, this Court is nonetheless bound by its precedent. Accordingly, petitioner's second objection is **OVERRULED**.

Therefore, for the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 17]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 12]** is hereby **ADOPTED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: March 23, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE